NOT DESIGNATED FOR PUBLICATION

No. 115,390

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JENNIFER N. HUYNH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed December 9, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  Jennifer N. Huynh appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentence. We granted Huynh's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

On December 19, 2013, Huynh pled guilty to one count of felony theft after a prior conviction. On March 28, 2014, the district court sentenced Huynh to 7 months' imprisonment but granted probation with court services for 12 months.

1

On February 12, 2015, a probation violation warrant was filed alleging that Huynh had committed a new crime of theft. Huynh was subsequently convicted of the new offense. At a hearing on September 3, 2015, Huynh stipulated to the probation violation, including the commission of a new crime. The district court revoked Huynh's probation and ordered her to serve her underlying prison sentence. Huynh timely appealed.

On appeal, Huynh contends that the district court "erred in revoking her probation and in imposing the underlying prison sentence." Huynh acknowledges that the decision to revoke probation rests within the district court's sound discretion.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Huynh acknowledges, K.S.A. 2015 Supp. 22-3716(c)(8) provides that if the offender commits a new felony or misdemeanor while on probation, the district court may revoke probation without having previously imposed an intermediate sanction. Because Huynh committed the new crime of theft while on probation, the district court was not required to consider an intermediate sanction before revoking Huynh's probation. The district court's decision to revoke Huynh's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292

2

Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Huynh's probation and ordering her to serve her underlying prison sentence.

Affirmed.